## BYRD v. KNIGHTON—THE SAME v. THE SAME.

Defendant covenanted with plaintiff for the payment of a certain sum of money, and at the same time, and as part of the same transaction, gave his notes to plaintiff for the payment of the money. Held: That the plaintiff had two remedies, one on the covenant and the other on the notes, and was at liberty to pursue either.

Appeal from Jefferson Circuit Court.

ALLEN for Appellant.

TRIPELL for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

Thomas Byrd commenced this action in the circuit court of Jefferson county, on a promissory note for five hundred dollars. Judgment was given in the circuit court for the defendant, and to reverse that judgment this appeal is prosecuted.

On the trial of the cause, the defendant offered in evidence, and the court admitted, a deed to the following effect: "This agreement, made this 13th day of December, 1838, betwixt Thomas Byrd, of the one part, and Ammon Knighton, of the other, witnesseth : that the said Byrd, for and in consideration of two notes of hand, signed by the said Knighton, one due and payable on the 25th day of September, 1839, the other due and payable in the year following. Reference to said notes of this date, making the sum of one thousand dollars, and upon the express condition, to wit : that the said Knighton, [Byrd,] his heirs, executors, &c.,

shall and do well and faithfully perform the covenants here-inafter mentioned, on his part, first to be kept and performed by himself, covenant, promise, and agree to execute and de-liver to the said Knighton, a deed, with covenants against his acts, of and for all a certain tract or piece of land lying in the county of, &c.; and the said Knighton doth hereby, for himself, his heirs, executors, &c., covenant, promise, and agree to and with the said Byrd, as follows, to wit : to pay to the said Byrd, his heirs, or assigns, the just and full sum of one thousand dollars ; five hundred dollars due and pay-able on the 25th day of September, 1839 ; the further sum of five hundred dollars, due and payable on the 25th day of September, 1840.   Both notes dated the date of this agree-ment : payments to be made at Herculaneum, &c."   The agreement then, after reciting several covenants, not material in this cause, recites, that "the said Byrd agrees to receipt, on the full payment of the two mentioned notes, two judg-ments which he holds against Samuel L. Palmer ; on the full payment of the notes, from this day the judgments against the said Palmer are to be cancelled, and null and void."

This is precisely the language of the instrument of wri-ting.   The defendant also gave evidence that the considera-tion of the deed above mentioned, and the consideration of the two notes sued on in these two actions, was the same. To the admission of all this evidence, the plaintiff in the action excepted ; and the admission of that evidence by the circuit court, is assigned for error.

To sustain the judgment of the circuit court in this cause, the defendant relies on the case of the Bank of Missouri v. Tisson, decided by this court.   See vol. 1, p. 617.   From the report of that case, it appears that Tisson owed the Bank three hundred dollars, for which they held his note, and had sued on it.   After making the note sued on, Tisson executed to the Bank a mortgage, in which it was acknow-ledged that he owed the Bank three hundred dollars.   Tisson then, in the mortgage, expressly covenants to pay the said sum of money.   It also appears that the note sued on was renewed in pursuance of the understanding in the covenant.

MAY TERM.
1842.

Byrd
v.
Knighton.

The circuit court, on the motion of Tisson's counsel, instructed the jury that the covenant in the mortgage deed extinguished the note and effected a merger.   This court then said we do not think the circuit court committed error in the instruction given.   It is well established law, that where a debt exists by simple contract, the taking of a covenant, a bond, or higher security, extinguishes the simple contract debt ; and it is also law, that where a debt or duty exist by covenant, that the taking of a less security, gives no cause of action on the new security, unless, indeed, it amounts to a payment, or effects a satisfaction of a previous debt.

But such is not the state of the case in the two causes now before us.   The notes sued on by the plaintiff, and the deed given in evidence by the defendant, sprang into existence at the same instant, and by the same act.   The notes and deed are parts of the same transaction.   The defendant evidently gave the notes as collateral security for the payment of the money.   Not more than one half of the covenants contained in that deed have been set out here ; and there are now so many set out, that it is evidently a very troublesome business to declare on it.   There was no occasion for the defendant to introduce a witness to prove that the notes and the deed related to the same contract ; it is evident from their faces, that they are a part of the same transaction.   It is also evident that the defendant by giving those two notes intended, or at least pretended, to afford the plaintiff a simpler mode of recovering the money than he would have had by suing on the agreement.

*Defendant covenanted with plaintiff for the payment of a certain sum of money, and at the same time, and as a part of the same transaction, gave his notes to plaintiff for the money. Held: That the plaintiff had two remedies ; one on the covenant, and the other on the notes, and was at liberty to pursue either.*

The rules of law are, and ought to be, fixed and permanent.   They permit men to contract after their own way, provided their meaning be expressed.   It is not at all inconsistent with the rules of law, that the defendant should have given the plaintiff two remedies, either of which he might use to recover this money.   He has done so, and he must now abide the consequences of his act.

The judgment of the circuit court will be reversed, because that court suffered the agreement to be given in evidence, to defeat a recovery on the two notes sued on in these actions.   The cause is remanded.