JUDGE HARDIN
delivered the opinion of the court:
The appellant, John Haly, filed his petition in the Franklin circuit court praying that the writ of mandamus be awarded against the Auditor, to compel him to issue *491 his warrant upon the Treasurer in favor of the plaintiff for three hundred and twenty dollars, the alleged balance due the plaintiff from the State of Kentucky for work done and materials furnished in repairing and improving certain public property on the public square, in Frankfort, under a contract with G. A. Robertson, State Librarian, and superintendent of the public property at the seat of Government.
With his petition the plaintiff exhibited a statement of work done and materials furnished under said employment, amounting to one thousand and fifty-nine dollars and ten cents, certified to be correct by said superintendent, and approved by the Governor, and indorsed with the following memorandum, signed by the Auditor :
“Pay seven hundred and thirt3-nine dollars and ten cents on this account — the balance rejected; the revenue department not chargeable therewith, but the military department.”
The defendant having been summoned to answer the petition, appeared and entered a general demurrer thereto, which, being heard, was sustained, and the plaintiff failing to plead further, the court rendered a judgment dismissing the petition; and from that judgment the plaintiff prosecutes this appeal.
It is insisted for the Auditor that the demurrer was properly sustained, because it was not alleged in .the petition that the repairs and improvements were made by the plaintiff in compliance with a written contract first made by the superintendent of public property, and approved by the Governor; and in support of this position, we are referred to a provision in the first section of article 2, of chapter 78, of the Revised Statutes, relating to certain expenditutes, tor be approved by the Governor, which declares that “ no expenditure shall be approved *492 by the Governor, or money paid from the Treasury for the same, unless it was in compliance with a contract in writing, first made by the superintendent, and approved by the Governor.”
And it is further contended for the appellee, that, as the petition sought to compel the Auditor to issue his warrant in favor of the plaintiff, instead of the superintendent, the demurrer was rightly sustained according to another provision of said section, directing that the Auditor’s warrant for expenditures shall be issued in favor of the superintendent.
On the other side, it is insisted that the case is embraced by the more comprehensive provisions of the first article of chapter 16 of the Revised Statutes, the first section of which declares “ that claims and demands upon the Treasury, specified in this chapter, shall be paid when due, by the Treasurer, to the persons entitled to the same, the warrant to be issued by the Auditor of Public Accounts, upon such proof, by vouchers of the service rendered, or of the justice of the demand, as herein required.” And the third subdivision of section 9 of said article designates for payment, as aforesaid, “ the costs of all repairs made, from time to time, by the keeper of the State House, by the directions and advice of the Governox-, and upon the public buildings axxd inclosures on the State House square, at the Seat of Government. The amount due for any of the objects aforesaid to be cex’tified axxd approved by the Governor, accompanied by the vouchers.”
To render these provisions of chapter 16 coxisistent with those of chapter 78, so far as they both relate to claims for repairs on the public property, those of the last named chapter must be restx'icted in their applicatioxx to contracts made by the supexintendent, unaided *493 by the “ directions and advice” of the Governor, or, in other words, without his participation in making the contracts, although to be approved by him when made.
It does not appear from the petition in this case, whether the work was done under a contract made with the directions and advice of the Governor or not; and as the petition alleges that the plaintiff was employed by the superintendent to do the work, and does not disclose that the contract was not in writing, it must be presumed that the officers did their duty in the absence of facts to sustain a contrary conclusion. Such facts not being apparent on the face of the petition, and its statements being, i.n our opinion, sufficient to authorize the relief sought by the plaintiff, it seems to us the court erred in sustaining the demurrer of the defendant and dismissing the petition.
Wherefore, the judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.