CASE 62—MANDAMUS—JUNE 22, 1882.

# Board Trustees Male High School, Louisville, &c., &c., v. The Auditor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. Appellants having made their demand upon the Auditor, coupled with the evidence that their claim was just under the statute, it was appellee's duty to audit the claim.
2. Chapter 71, title Limitations, is not applicable to this case. No limitation is therein prescribed as to such actions as this.

Board Trustees Male High School, Louisville, &c., &c., v. The Auditor.

3. The fund sued for is claimed by one department of the government and held by another. Limitation does not apply in favor of one against the other.

RANDOLPH H. BLAIN FOR APPELLANT.

1. Appellants have a vested right to the fund in contest. (Elliott's Charter, &c., p. 424, 189, 312; Lucas' Charter, &c., Louisville, 37; Gen. Stat., 117; Sparks v. Halbert, 9 Bush, 262; 10 *Ib.*, 682; Auditor v. Holland.)
2. Section 6, article 5, chapter 36, General Statutes, is constitutional. (1 vol., Rev. Stat., 464; 2 Dallas, 409; 6 Peters, 729; 13 Cal., 12; 4 Wheat., 409; Bullitt's Code, sec. 790; Freeman on Judgments, 257; 20 J. R., 740.)
3. Upon the refusal of the Auditor to draw his warrant, mandamus is the remedy. (1 Cranch, 137; 22 Howard, 174; 3 Burrows, 1266.)
4. The plea of limitation does not apply to this case. The school board is a part of the state government. (Elliott's Charter, &c., 45, 424; Allen v. Russell, 78 Ky. Rep., 116; 8 Bush, 336; Angell on Lim., sec. 37; Gen. Stat., 223, 224, 217, 117; Charter Amendment City Louisville, 35.)
5. The escheated estate is held by the state as an express trust in favor of appellant. (Perry on Trusts, 41; Elliott's Charter, &c., 423; Gen. Stat., 117; 2 B. Mon., 393; 1 Brown's Ch'y Rep., 201; 1 Eden, 259.)
6. Appellants' right of action did not accrue until 1881. (28 Ala., 642; 8 Iredell, 264; Gen. Stat., 419; 78 Ky. Rep., 579; 2 Peters, 157.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

No brief for appellee.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1856 J. Edgar Thompson, whose domicile was the city of Louisville, died in the county of Trimble intestate, without heirs or distributees entitled to his estate, and N. Parker was, by the county court of that county, appointed administrator.

The estate of decedent consisted at the time of his death almost entirely of money, $3,138.17 of which was deposited to his credit in the Bank of Kentucky in Louisville.

Upon a settlement of his accounts, there was a balance of $3,100.17 belonging to the estate in the hands of the

administrator; and as required in such cases by chapter 34, Revised Statutes, he paid that sum to the agent of the commonwealth in that county, who, on the 13th of December, 1859, paid $2,740.11 thereof into the state treasury.

. In 1881 appellants, in pursuance of section 6, article 5, chapter 36, General Statutes, produced to the Auditor of Public Accounts evidence of the justice of their claim, certified by a majority of the Judges of the Court of Appeals to be competent upon the issues raised, and demanded of him a warrant upon the Treasurer for said amount, which was refused by the Auditor.

. Thereupon, appellants filed their petition in the Franklin circuit court, praying for a mandamus commanding the Auditor to draw his warrant as demanded.

To the petition the Auditor filed both a general demurrer and answer. And the action being submitted for trial, judgment was rendered dismissing the petition. From that judgment this appeal is prosecuted.

Appellants claim the fund attempted to be recovered by this proceeding under and by virtue of section 9, article 10, of an act to charter the city of Louisville, approved March 20, 1851, and the subsequent acts amendatory thereof, which were passed in the years 1860, 1861, and 1870.

By section 9 of the act of 1851 it is provided, that "so much as may arise from real, personal, or mixed property in the city of Louisville which, from alienage, defect of heirs, or failure of kindred capable in law to take the same, shall escheat to the Commonwealth of Kentucky, is vested in the board of trustees, for the use and benefit of the university and public schools of Louisville; and the said city, by the mayor thereof, or such officer as the general council may appoint for that purpose, shall enter upon and take posses-

Board Trustees Male High School, Louisville, &c., &c., v. The Auditor.

'sion of any and all such property, or in its corporate name sue for and recover the same, or any chose of action or credit of such decedent, and reduce the entire estate in possession as aforesaid without office found."

By the act approved February 8, 1861, it is provided that "whatever may arise in cases of escheat shall be vested in the board of trustees for the use and benefit of the male high school, the female high school, and the public schools of Louisville, and said board of trustees, by the president thereof, instead of the mayor, or such officer as the general council may appoint, as provided by the act of 1851, is authorized to take possession of such property, and to sue for and recover the same."

As it is shown that Thompson, at the time of his death, was a resident of the city of Louisville, and that all his property was in that city except the small amount he had with him at the time of his visit to the county of Trimble, there can be no question but that the money paid into the treasury of the commonwealth in 1859 "was vested in the board of trustees for the use and benefit of the university and public schools of Louisville," and that the city, by the mayor thereof or an officer appointed by the general council for the purpose, then had the right to take possession of or to sue for and recover the same.

By the act of 1861 the power to take possession of and to sue for and recover such estates was transferred from the mayor and general council to the board of trustees, created by the act a corporation.   But no change was made in respect to the title, or the purpose declared in the act of 1851 to vest escheated property in the city of Louisville in the board of trustees for the use and benefit of the public schools there.   It follows, therefore, that appellants are

proper parties plaintiffs, if the proceeding can be main-- tained at all.

By section 6, article 5, chapter 36, General Statutes, it is. provided that the net proceeds of any estate embraced in that chapter, which may be paid into the treasury, shall be reimbursed to the proper owner who had not before asserted claim thereto by petition or otherwise, upon his producing to the Auditor evidence of the justice of his claim, certified: to be competent by a majority of the Judges of the Court of Appeals.    A similar provision was contained in the Re-- vised Statutes.

There is nothing in the section referred to that confines its operation to cases of individual ownership of escheated estates improperly paid into the treasury, or that excludes the plaintiffs in this proceeding from asserting and main-- taining their claim to the fund in the manner that has been done.

Appellants being the proper owners of the fund, and enti-- tled thereto, as in our opinion is satisfactorily shown by the record, the law required the Auditor, upon the production of the evidence of the justice of the claim, to issue his war-- rant upon the treasury for the amount, provided it was not barred by limitation.    And the Auditor having refused to issue his warrant, as enjoined by law in such cases, the proceeding by appellants to obtain a writ of mandamus. commanding him to do so was properly instituted, and is. maintainable.    (Durin v. Harvy, 7 Mo., 443; Lindsey v., Auditor, 3 Bush, 233; Auditor v. Adams, 13 B. M., 150; Haley v. Auditor, 4 Bush, 490.)

The only question, therefore, left to be determined is, whether the statute of limitation is applicable and can be: pleaded and relied upon in such cases.

That no laches is to be imputed to the commonwealth, and against it no time runs so as to bar its rights unless so provided by express statutory enactment, is well settled. And consequently the statute of limitations cannot be pleaded in bar of recovery by the commonwealth, unless specially provided by law.

Under the constitution, suits may be brought against the commonwealth only when the general assembly may direct by law in what manner, and in what courts, they are to be brought.

As, in order to authorize a suit to be brought against the commonwealth, the general assembly, under the constitution, must direct by law in what manner, and in what courts, they shall in each case, or class of cases, be brought, it is manifest it was not the intention of the legislature to make "limitation of actions," provided for in chapter 71, General Statutes, applicable to suits brought against the commonwealth, any more than to suits brought by the commonwealth; but that the general assembly should, in its discretion, in each case, or in such cases when suits against the commonwealth are authorized, prescribe the limitation of time for bringing them.

The right to institute the proceeding in this case is conferred by law; but the general assembly did not deem it proper to prescribe a limitation within which it should be brought, and, in our opinion, the statutes of limitation cannot be pleaded by the Auditor in bar of appellants' right of recovery.

Besides, there is another view to be taken of the question that is decisive.

By various acts of the general assembly, the public schools of the city of Louisville are made and considered

as parts of the common school system of the state, and: as such entitled to the protection and support enjoined by the constitution, and, from time to time, provided for by legislative enactments.

The fund sued for, therefore, belongs to one department of the state government, and is in the possession of another department. If, as is clear, appellants are entitled by law to it, the Auditor has no right to interpose the plea of limitation in bar of its recovery, in the absence of an express provision of law empowering and requiring him to do so, for such proceeding would present the anomaly of the commonwealth pleading limitation against itself.

Wherefore, the judgment of the court below is reversed, and cause remanded, with directions for further proceedings consistent with this opinion.